IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Printis Owens,<br>*on behalf of A.O., a minor child*,<br><br>        Plaintiff,<br><br>    v.<br><br>Carolyn W. Colvin,[1]<br>Acting Commissioner of Social<br>Security,<br><br>        Defendant.<br>_____ | Civil Action No.: 0:13-cv-386-BHH<br><br><br>**OPINION AND ORDER** |

Plaintiff Printis Owens ("the plaintiff") brought this action on behalf of his minor child ("A. O.") pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his minor child's claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On August 22, 2014, the magistrate judge issued a Report and Recommendation in which she determined that the plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 27.) The plaintiff filed Objections on September 8, 2014 (ECF No. 28), and on September 24, 2014, the Commissioner filed a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

Reply (ECF No. 29).  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  A.O. was four years old on the date the SSI application was filed on his behalf. (R. at 82.)   The plaintiff alleges that A.O. is disabled due to bipolar disorder, behavioral problems, and asthma. (R. at 103, 40.)  The plaintiff's application was denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ").  A hearing was held on July 21, 2011, at which A.O., as well as his father and stepmother, appeared and the parents testified.  The ALJ issued a decision on September 23, 2011, finding that the minor child was not disabled.  (R, at 8-15.)  The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner.  The plaintiff subsequently filed an action in this Court on February 12, 2013. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 27 at 13.)  The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the

matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances

that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on September 8, 2014 (ECF No. 28), and the Commissioner filed a reply on September 24, 2014 (ECF No. 29). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to develop the record and (2) improper Listing analysis. The Court will consider each specific objection in turn.[2]

## **I.     Development of the Record**

The plaintiff reiterates his argument that the ALJ violated a duty to fully and fairly develop the record insofar as he did not inquire into the availability of records from A.O.'s

---

[2] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

scheduled August 2011 psychiatric appointment at the Medical University of South Carolina (MUSC). The plaintiff complains that while the magistrate judge recognized that additional records from three facilities were requested by the ALJ, none of those three facilities were MUSC. The Court does not understand the records' value precisely. It seems undisputed that the plaintiff did not attend it – the appointment. The plaintiff argues that such record shows generally the plaintiff's need for an evaluation by a psychiatrist. But, this generic need does not say something very specific about the plaintiff's functional capacity or the ALJ's ability to know it better. Regardless, the magistrate judge noted that A.O.'s stepmother had testified to the scheduled August 2011 appointment. In other words, there was already evidence of the need for a psychiatric appointment in the record.

Generally, a case should be remanded for failure to develop the administrative record where it prejudices the claimant. *See Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). To establish prejudice from an ALJ's failure to develop the record, the claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000). The plaintiff has not suggested, in any detail among his various submissions, how precisely he anticipates the record might have altered the result. The ALJ had reason to know about the appointment and the plaintiff has not offered what other limitations should have been included. For this and all the reasons already stated by the magistrate judge, there is no error.

The plaintiff additionally continues to submit that the ALJ should not have discounted the credibility of the plaintiff and A.O.'s stepmother without first requesting A.O.'s school records, which purportedly would have corroborated their testimony and

otherwise undermined any assertion that "A.O.'s behavior problems were due to inconsistencies in home discipline and that they were not a problem at school." (Pl. Br. 16.)

The plaintiff continues to want to make this particular issue about the veracity of the plaintiff's behavior at school – whether he in fact misbehaved as alleged and whether the plaintiff and A.O.'s stepmother were credible for saying so. But, the ALJ's decision in this regard did not turn on the quality of the plaintiff's behavior at school. (See R. at 12-13.) Rather, the ALJ was convinced that the plaintiff's "behavioral problems could be controlled with consistent [home] discpline . . . ." (R. at 13.) So, even were school records to confirm the allegations of misbehavior, they would not, in the same instant, meet the substance of the rationale of the ALJ in a way that might alter it. *See Carey*, 230 F.3d at142; s*ee also Mickles*, 29 F.3d at 921 (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error"). Indeed, as the defendant emphasizes, (1) a Dr. Candace Clocker summarized the contents of the school behavioral notebook in her progress notes (R. at 214) and (2) the ALJ acknowledged that the plaintiff had significant behavioral problems at school (R. at 12, 14). The ALJ did not need additional detail about the kinds or extent of misconduct; he viewed home discipline as effective for the admitted misbahvior, wherever exhibited – school or elsewhere. Again, there is no error in the development of the record.

**II.     Listing Analysis**

The plaintiff renews his argument that substantial evidence does not support the ALJ's analysis at Step Three of the sequential evaluation process. (ECF No. 28 at 4-8).

At Step Three a claimant can be found disabled if his impairment(s) functionally equals a listing.  As the magistrate judge recognized, to assess functional equivalence, the Commissioner will consider the child's level of function in six domains, which "are broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Owens challenges the ALJ's findings with regard to three of these domains: (1) acquiring and using information, (2) interacting and relating with others, and (3) caring for oneself. *See* 20 C.F.R. § 416.926a(b). The Court will briefly address each domain in turn.

### A.     Acquiring and Using Information

The magistrate judge recommended affirming the ALJ's view that A.O. had no marked limitations in this domain.  The plaintiff continues to argue that A.O.'s borderline IQ score and inconsistency of effectiveness of medications constitute marked limitations.

As to the plaintiff's IQ, it is non-qualifying as a marked limitation.  A "'marked' limitation occurs when an individual's impairment 'seriously interferes' in the particular domain, or when the individual scores roughly two standard deviations below the mean on tests."  *Siler v. Astrue*, 2009 WL 1759558, at *8 (W.D. Va. June 19, 2009); 20 C.F.R. § 416.926a(e)(2)(I).  As the magistrate judge noted, A.O.'s IQ scores were sufficiently high and he did not require special education classes. (ECF No. 27 at 9 (citing SSR 09-3p, 2009 WL 396025 (discussing school records as a significant source of information about limitations in this domain, including grades or academic performance, special education services and related services, and other accommodations).)

As to the effectiveness of medications, the plaintiff himself concedes that the record is not fully developed in this respect.  He has not borne his burden to demonstrate that

there is an inconsistency in the effectiveness of medications that produces a marked limitation. Indeed, that is part of his objection – that more should be known. But, neither the ALJ, nor the magistrate judge in review, are in error to observe that A.O. is able to pay attention in school so long as his medications are working. If the plaintiff was at any point able to be suggestive that they are not, a different result might have been imagined. He has not come forward with any indication that there exists evidence that medications consistently did not work such that remand might produce a different outcome.

B.   **Interacting and Relating to Others**

The plaintiff reiterates his argument that the ALJ erred in crediting certain records of good behavior over records documenting complaints of aggressive behavior toward other children. The magistrate judge has already rejected this concern. As she concluded, in weighing the evidence, the ALJ explicitly acknowledged that the record contained treatment notes documenting complaints of aggressive behavior. (See R. at 12.) In fact, earlier in the ALJ's decision, he mentioned some of these complaints, including that A.O. chewed a battery on one occasion and opened the emergency exit on a moving school bus. *Id*. Although the plaintiff may be able to point to selective evidence in support of a finding of greater limitations in this domain, he has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence. *See Craig*, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); see also Jackson v. Astrue, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) ("[A]n ALJ is not

required to provide a written evaluation of every piece of evidence, but need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions.") (citations omitted).  Simply because the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation is of no moment. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  There is no legal error in the magistrate judge's recommendation on this respect.

### C.     Self Care

Because the plaintiff cannot show marked limitations in either of the other two domains, any error with respect to the Self Care domain would necessarily be harmless. To equal a listing the plaintiff's impairment must result in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  *See* 20 C.F.R. § 416.926a.  The plaintiff has not argued any extreme limitation.  Without a marked limitation in either of the other two domains, the presence of a marked limitation in self care would not be sufficient to equal the listing.  Accordingly, there is no reversible basis.  *See Mickles*, 29 F.3d at 921 (affirming denial of benefits where the ALJ erred in evaluating claimant's pain because "he would have reached the same conclusion notwithstanding his initial error").

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

December 12, 2014
Greenville, South Carolina